Filed 1/14/16  In re William M. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re WILLIAM M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM M.,<br><br>        Defendant and Appellant. | A145191<br><br>(Solano County<br>Super. Ct. No. J40937) |

Defendant William M. appeals orders of the juvenile court continuing him as a ward of the court (Welf. & Inst. Code, § 602), removing him from parental custody, and placing him in a residential treatment facility, with standard probation conditions. William's appointed appellate counsel initially filed an opening brief which summarized the pertinent facts, with citations to the record, raised no issues, and asked that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d. 436.) Thereafter, this court requested additional briefing on the sufficiency of the evidence to support the court's finding that William had committed a robbery. Having considered supplemental briefing by both William's appointed counsel and the Attorney General, we find no error in the record and therefore shall affirm the orders.

**Factual and Procedural History**

On January 8, 2015, the Solano County District Attorney's Office filed a juvenile wardship petition pursuant to Welfare and Institutions Code section 602, subdivision (a), charging William with a violation of Penal Code section 211, second degree robbery.

The following evidence was presented at the jurisdictional hearing: On January 6, 2015, at around 11:00 p.m., the 19-year-old victim was walking home when a black SUV with a cracked windshield pulled up next to her. There were three males in the car, two in the front seats and one in the back. William, who was driving the car, asked if they could use the victim's cell phone because their car had broken down. The victim entered the password to her phone and passed it to the front passenger. When the front passenger grabbed the phone from the victim, the passenger in the back seat pulled out a silver gun and pointed it at her. The car then instantly drove off, "like they had planned it."

The victim used a friends' phone to call 911. The victim identified William as the driver of the car after he was arrested and again at the hearing. A recently deleted file on her phone contained videos of the three people who took her phone with the firearm that had been used in the robbery, including footage inside an SUV with a cracked windshield.

During closing arguments, trial counsel argued that the facts of the case did not support a robbery conviction, but rather demonstrated a completed theft followed by brandishing of a weapon. The court rejected defense counsel's argument and sustained the petition. The minor was continued as a ward of the court and placed at a residential treatment facility. As terms of probation the court ordered that William not possess any deadly or dangerous weapons, ammunitions or firearms and that he be subject to a search clause. William timely filed a notice of appeal.

**Discussion**

"Robbery is defined as 'the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.' [Citation.] Robbery is larceny with the aggravating circumstances that 'the property is taken from the person or presence of another . . .' and 'is

2

accomplished by the use of force or by putting the victim in fear of injury.' [Citation.] In California, '[t]he crime of robbery is a continuing offense that begins from the time of the original taking until the robber reaches a place of relative safety.' [Citation.]  It thus is robbery when the property was peacefully acquired, but force or fear was used to carry it away." (*People v. Anderson* (2011) 51 Cal.4th 989, 994.)

In this case, substantial evidence establishes that the phone was acquired by theft by trick or device. (*People v. Frederick* (2006) 142 Cal.App.4th 400, 417 ["The crime of theft by trick or device requires: 1) obtaining possession of property of another by some trick or device; 2) intent by the wrongdoer to convert it to his own use and to permanently deprive the owner thereof; and 3) transfer of possession but not title to the wrongdoer."].) Theft by trick is a crime of larceny that satisfies the "felonious taking" element of robbery and includes an asportation element. (*People v. Williams* (2013) 57 Cal.4th 776, 783-784; *People v. Gomez* (2008) 43 Cal.4th 249, 256; *People v. Whitmer* (2014) 230 Cal.App.4th 906, 923.) Contrary to William's suggestion, there is substantial evidence to support the finding that fear was used to accomplish the asportation element of the robbery. The record established that the rear passenger brandished a gun immediately after the phone was grabbed from the victim and the victim testified that she was scared when she saw the gun. It is reasonable to infer that the fear caused by the brandishing of the gun was sufficient to stop the victim from attempting to retrieve her phone before the car drove away.

In *Williams,* cited in this court's request for further briefing, the Supreme Court held that the offense of theft by false pretenses cannot fulfill the "felonious taking" requirement of robbery, in part because, unlike the offense of larceny, theft by false pretenses does not require asportation. (*People v. Williams*, *supra*, 57 Cal.4th at p. 787 ["The crime of theft by false pretenses ends at the moment title to the property is acquired, and thus cannot become robbery by the defendant's later use of force or fear."].) The facts in that case indicated that the defendant had committed only theft by false pretenses and the court therefore reversed his robbery convictions.  In the present case, the victim was tricked into voluntarily surrendering her phone; however, as

3

*Williams* also points out, "theft by false pretenses involves the consensual transfer of possession *as well as title of property*." (*Id.* at p. 788; italics omitted and added.) The victim here voluntarily transferred possession of her cell phone to the occupants of William's car, but she clearly did not transfer title to the phone. Therefore, the crime was robbery rather than theft by false pretenses, so that asportation was an element of the offense and, as indicated above, there is substantial evidence of the use of fear to effect the asportation of the stolen property.

William was adequately represented by counsel throughout the proceedings. Given that William's juvenile record includes numerous prior criminal offenses, we see no error in the court's disposition.

## Disposition

The jurisdiction and disposition orders are affirmed.


_____
Pollak, J.


We concur:


_____
McGuiness, P. J.


_____
Jenkins, J.


4